**Larry D. HARRIS, Plaintiff,**

v.

**SENTRY TITLE COMPANY, INC., et al., Defendants-Appellants,**

v.

**Travis WARD, Defendant-Appellee.**

**No. 82–1108.**

United States Court of Appeals, Fifth Circuit.

March 12, 1984.

Certiorari Denied June 4, 1984. See 104 S.Ct. 2679.

Rehearing and Rehearing En Banc Denied June 21, 1984.

Vetter, Bates, Tibbals, Lee & Debusk, J. Albert Kroemer, J. Michael Tibbals, Dallas, Tex., for defendants-appellants.

David Crump, Houston, Tex., for amicus curiae Texas Independent Producers, for defendant-appellee.

Charles O. Shields, Dallas, Tex., for amicus curiae Greater Dallas Bd. of Realtors, Inc., for defendant-appellee.

Hiram C. Eastland, Jr., Jackson, Miss., Rohde, Chapman, Ford & How, Michael F. Rohde, Lawrence McDonald Wells, Dallas, Tex., for defendant-appellee Travis Ward.

Page Keeton, Kirk P. Watson, Austin, Tex., for Goggans.

## ON MOTIONS FOR RECALL OF MANDATE

Before WILLIAMS and JOLLY, Circuit Judges, and WILL *, District Judge.

### PER CURIAM:

In this case we reversed and rendered the decision of the district court impressing a constructive trust in favor of appellee, Travis Ward, on the proceeds from the sale of property owned by Sentry Title. 715 F.2d 941 (5th Cir.1983). Suggestion for rehearing en banc and motion for panel rehearing by appellee, Ward, were denied on October 26, 1983. 5th Cir. 719 F.2d 404. On November 16, 1983, we entered an Order denying appellee's motion for stay of mandate.

We now have before us appellee's motion for recall of mandate under Fifth Circuit Local Rule 41.2, which provides: "A mandate once issued shall not be recalled except to prevent injustice." Two grounds are claimed. The first and important ground is the assertion that our decision in refusing to impress a constructive trust in favor of Ward against Sentry Title on the proceeds from the sale of the land involved was erroneous. This ground constitutes the same attack upon our decision that was made in the motion for panel rehearing and the suggestion for rehearing en banc. In addition, appellee moves for recall of the mandate on the ground that Ward had con-

tributed certain specific sums of money to the purchase of the property at issue and any judgment should provide that Ward was entitled to reimbursement for those sums out of the judgment rendered in favor of Sentry Title.

Sentry Title files a motion to recall the mandate claiming the right to interest on the proceeds from the sale of the property, which were paid to Ward from the registry of the district court following the judgment of the district court, which sums Sentry Title is now entitled to under the judgment of this Court.

The facts of this case are fully reported in our opinion cited above. We do not repeat them here. On the fundamental issue raised by appellee asserting that we were in error in refusing to impress a constructive trust on the proceeds of the sale of the tract at issue, the Dyckman property, we follow our prior decision and deny the motion to recall the mandate. Appellee argues, as do amici curiae the Texas Independent Producers and Royalty Owners Association and the Greater Dallas Board of Realtors, that we misapplied Texas law by requiring a prior relationship of trust and confidence between the parties of "long duration" before a constructive trust could be recognized. In this case whatever was the relationship between Ward and Whatley, the parties involved, it was not of long duration.

The emphasis upon long duration of the prior relationship of trust and confidence between the parties comes from the wording of various Texas decisions. It is not at all a controlling factor, but it is only one factor to be considered. We clearly recognized this in our original decision. A careful reading of our opinion reveals that we did not rely upon a requirement of long duration of prior relationship of trust and confidence. To the contrary at the beginning of our discussion of the issue and at the end of our discussion of the issue, we did not refer to long duration of the relationship at all. At the beginning of our

---

discussion, 715 F.2d at 946, we stated, "In recognizing a constructive trust, the critical requirement for purposes of this case is that the parties have a confidential or fiduciary relationship prior to and apart from the transaction in question." There is no mention of length of such a relationship. Then at the end of our opinion where we state our holding, in the section entitled "Conclusion", we say: "We find that the district court erred in finding a pre-existing confidential relationship between Ward, Whatley, and Hart prior to and separate from the Dyckman tract transactions." *Id.* at 950. In that final conclusory section there is no reference whatsoever to a requirement of "long duration".

We recognize that the Texas law, in the absence of fraud, places almost controlling emphasis upon the requirement that there must be a *pre-existing* confidential relationship of trust and confidence between the parties before the dealings which give rise to a constructive trust. There was no such pre-existing relationship in this case. As the facts clearly reveal, the relationship of trust and confidence between Ward and Whatley began with the dealings relating to Whatley serving as Ward's "front" to bid on the 490 acre tract owned by Tarrant County. Both of the other real estate dealings in question are directly tied into that fundamental transaction. They are not separate and independent dealings. The first of these is the agreement under which Ward aided Whatley in taking up an option to buy some land in Athens, Texas. It is clear from the record that this agreement by Ward was a quid pro quo for Whatley bidding for Ward on the Tarrant County land.

The land deal which is at issue in this case, the Dyckman tract deal, was directly related to the undertaking to purchase the Tarrant County tract. It was understood between the parties that if Ward could obtain the Dyckman land, again using Whatley as a "front", it might help Ward in his dispute with Tarrant County concerning the bidding on the 490 acre tract. One could hardly imagine a more close knit relationship between the Dyckman tract deal and the original Tarrant County bidding. The Tarrant County land deal cannot serve to establish a pre-existing relationship for the Dyckman land deal. It follows there was no pre-existing relationship of trust and confidence between Ward and Whatley before their dealings began to obtain the 490 acre tract from Tarrant County by way of bid. Then, both the Athens land deal and the Dyckman tract deal were inextricably interwoven with that fundamental business relationship, the only business relationship between the parties.

Since the agreement on the Dyckman tract was oral, and since it was not based upon a pre-existing confidential relationship involving separate and independent relations between the parties, the Statute of Frauds applied with full force to that deal, and no constructive trust could be created. As we stated in our original opinion, this is the very kind of situation the Statute of Frauds was meant to control. There is a noticeable lack of discussion of the Statute of Frauds and its purpose in the briefs of appellees on this issue. We recognize that each case under Texas law turns upon its own facts. The facts were established and found by the district court, but under those facts the requisites to the establishment of the constructive trust in Texas law were not met.

Appellee Ward's motion for recall of the mandate on the ground that Ward is entitled to certain funds advanced to Whatley for the purchase of the Dyckman tract is GRANTED. The Court felt that it was clear from its opinion that those sums could be retained by Ward when the other sums which Ward had received from the registry of the court after the district court's judgment were turned over to Whatley in accordance with our mandate. In view of the claims now made by Ward, we cannot tell precisely from the record the amount of money involved to which Ward is entitled. We therefore modify the mandate to remand rather than render so that the district court can determine that sum with precision on the basis of its findings. This conclusion

is also related to the modification of our mandate to reverse and remand contained in the next paragraph.

We GRANT the motion of appellant Sentry Title to recall the mandate. We reverse and remand to allow the district court to determine what interest if any is payable to Sentry Title in its recovery from Ward of the sums to which it is entitled under our decision after the amount in the registry of the district court was paid to Ward pursuant to the judgment of the court.

In summary: we recall our mandate in this case. The judgment of the district court is REVERSED and REMANDED to the district court for further proceedings and entry of judgment in accordance with this opinion. Our original decision in this case, 715 F.2d 941 (5th Cir.1983), stands unchanged except as follows: The case is returned to the district court solely for the court to determine (1) the amount of money which appellee Ward is entitled to deduct as his actual out-of-pocket expenditures, plus interest in the discretion of the district court, in connection with the Dyckman tract purchases as he complies with the mandate of the Court to pay over to Sentry Title the proceeds from the sale of the Dyckman tract, and for the court to determine (2) the interest which should be paid to Sentry Title by Ward on the sum to which Sentry Title is entitled under our mandate as proceeds from the Dyckman tract after deduction of Ward's actual costs advanced in the purchase and maintenance of title in the Dyckman tract and commencing on the date the funds plus accrued interest were paid from the registry of the court to appellee Ward.

REVERSED AND REMANDED.

WILL, District Judge, dissenting:

In its September 26, 1983 opinion in this matter, the majority of this panel accepted the unchallenged finding of the District Court below that the business dealings between Travis Ward and Alan Whatley began months before those two had any discussion about acquiring the so-called Dyckman property, the subject-matter of this lawsuit. 715 F.2d at 948. The majority necessarily also accepted the District Court's additional, unchallenged finding of fact, *see Smith v. Bolin,* 153 Tex. 486, 271 S.W.2d 93, 97 (1954), that those earlier business dealings created a fiduciary relationship between Ward and Whatley. 715 F.2d at 949.

The majority held, however, that the prior fiduciary relationship between Ward and Whatley was not of sufficient long standing to justify the imposition of a constructive trust:

> To show a constructive trust, a plaintiff must first show, by a preponderance of the evidence, ... that the parties had a *long-standing* fiduciary or confidential trusting relationship unrelated to the subject transaction ... whether or not a fiduciary relationship exists is a question of *fact,* ... but whether a relationship is sufficiently *longstanding* to support imposition of a constructive trust is a question of law.... We find as a matter of law that the dealings between Ward and Whatley in this case were not sufficiently *longstanding* to support the district court's application of a constructive trust. [Emphasis added.]

715 F.2d at 948.

And again, the majority said:

> Even if one were to count the additional time during which Whatley's companies held the tract, it would be difficult on the facts of this case to find a *longlasting* independent relationship between Ward and Whatley or his companies." [Emphasis added.]

*Ibid.* at 949.

Finally, the majority re-emphasized its position later in its opinion:

> The business dealings between Ward and Whatley, whatever their nature, were not of *sufficient duration* or intensity to justify the imposition of a constructive trust. *The first of the two requirements to establish a constructive trust was not met.* [Emphasis added.]

*Ibid.* at 949.

I would not have dissented on September 26, 1983 had it not been the case (1) that

Ward and Whatley, as a matter of undisputed fact, had a fiduciary relationship prior to their decision to acquire the Dyckman property and (2) that, considering this fact, Texas law would permit the imposition of a constructive trust without, as the majority's original opinion clearly held, an absolute first requirement that the prior relationship have been "long-standing," "long-lasting," or of "sufficient duration."

The majority appears now to concede that its earlier view of the Texas law was incorrect:

> A careful reading of our opinion reveals that we did not rely upon a requirement of long duration of prior relationship of trust and confidence. To the contrary at the beginning of our discussion of the issue and at the end of our discussion of the issue, we did not refer to the long duration of the relationship at all.

Per Curiam Opinion at 1369. With all due respect, the majority opinion stated categorically as quoted above that a "long-standing" or "long-lasting" fiduciary relationship is, under Texas law, the *first* requirement of a constructive trust.

Moreover, the headnotes for the original published opinion, 715 F.2d 941, indicate that the majority so held.

Headnote No. 1 reads:

**1.  Trusts 91**

"Constructive trust" is equitable remedy that can infer fiduciary-like relationship within transaction for purpose of promoting justice and that can be imposed on parties whose course of conduct over *long, preexisting period* suggests that relationship of confidence and trust was assumed by parties to subject action. [Emphasis added.]

Headnote No. 17 reads:

**17.  Trusts 110**

To show constructive trust under Texas law, plaintiff must *first* show, by preponderance of evidence, that parties had *longstanding* fiduciary or confidential, trusting relationship unrelated to subject transaction. [Emphasis added.]

Headnote No. 18 reads:

**18.  Trusts 103**

Under Texas law, whether or not fiduciary relationship exists is question of fact, but whether relationship is sufficiently *longstanding* to support imposition of constructive trust is question of law. [Emphasis added.]

Now, however, the majority finds, contrary to the undisputed fact, that there was no prior fiduciary or confidential relationship between these parties:

> We recognize that the Texas law, in the absence of fraud, places almost controlling emphasis upon the requirement that there must be a *pre-existing* confidential relationship of trust and confidence between the parties before the dealings which give rise to a constructive trust.  There was no such pre-existing relationship in this case.

Per Curiam Opinion at 1370.

The district court found as a fact which was not disputed on appeal that a confidential or fiduciary relationship existed between Ward and Whatley prior to and apart from their Dyckman property dealings.  On what basis the majority now can reverse that undisputed fact finding, I do not understand.

The majority also suggests that, because the Dyckman acquisition was "directly related" to the parties' prior dealings and was "not separate and independent" from those prior dealings, somehow, the pre-existing fiduciary relationship will not, under Texas law, support a constructive trust. *Ibid.*  I can find no Texas case so holding.  In addition, this ignores the critical, undisputed fact that Ward and Whatley did not discuss or contemplate acquiring Dyckman until months after their fiduciary relationship had been established.  Moreover, the majority's current insistence that, in order to impose a constructive trust, the prior dealings must have been "*separate*" from the subject transaction is ironic in light of the requirement of Texas law that a constructive trust may *only* be imposed where the subject transaction is *within* the scope of the parties' prior dealings.  *Rankin v. Naftalis,* 557 S.W.2d 940, 944 (Tex.1977).

I am in agreement with the partial grant of appellee Ward's motion to recall the mandate since it reflects recognition of another of the errors in the original opinion to which I referred in my dissent. But the basic error of the majority holding remains uncorrected. A man who admittedly breached his fiduciary duty is still to be rewarded by receiving what now appears to be in excess of $400,000 when neither the uncontested facts nor the Texas law justify, much less require, such an unjust and inequitable result.

Having apparently abandoned its earlier effort to rewrite the Texas law, the majority now seeks to rewrite the undisputed facts of this case. For the reasons stated in my original dissenting opinion and herein, I deplore both efforts and, accordingly, again dissent.