**Larry D. HARRIS, Plaintiff,**

v.

**SENTRY TITLE CO., INC., Home Engineering, Inc. and Alan Whatley, Defendants-Appellants**

v.

**Travis WARD, Defendant-Appellee.**

No. 85–1805.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1987.

Rehearing and Rehearing En Banc Denied Feb. 5, 1987.

J. Albert Kroemer, Dallas, Tex., for defendants-appellants.

Michael Rhode, Dallas, Tex., James P. Coleman, Ackerman, Miss., Rohde, Chapman & How, Michael Keeley, Dallas, Tex., Hiram C. Eastland, Jr., Jackson, Miss., for defendant-appellee.

Before BROWN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This case comes to this Court on its second appeal. *See Harris v. Sentry Title Co.*, 715 F.2d 941 (5th Cir.1983), *modified in part*, 727 F.2d 1368 (5th Cir.1984), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2679, 81 L.Ed.2d 874 (1984). The facts and procedural history of this case are set forth extensively in the prior opinions. For purposes of this appeal, it is sufficient to note that the controversy first appealed to this court centered on whether appellee Travis Ward was entitled to a trust implied by law on the proceeds of the sale of certain real property purchased in the name of Alan Whatley or companies controlled by Whatley. Ward urged at least two theories of recovery before the trial court: resulting trust and constructive trust. The district court originally imposed a constructive trust on the proceeds in favor of Ward; the district court did not decide the question of resulting trust but noted that "all other relief not expressly granted herein is denied." On appeal, this Court reversed the district court and directed that judgment be rendered in favor of defendant-appellant Sentry Title Co. (a company of which Whatley was the controlling shareholder). On a motion to recall the mandate, this Court directed that its original mandate should issue. This Court further directed that the district court was to allow Ward certain deductions and to consider the interest to be paid to Sentry Title. 727 F.2d at 1371.

On remand, however, the district court again granted judgment in favor of Ward. The district court made no additional findings of fact. It did, however, make additional conclusions of law. In doing so, the district court noted the limited language of this Court's opinion on the remand. The district court held (1) that this Court had not addressed the issue of whether Ward was entitled to recovery on a theory of resulting trust, and (2) that Ward was entitled to judgment on this theory.

It cannot be disputed that "when the further proceedings [in the trial court] are specified in the mandate [of the Court of Appeals], the district court is limited to holding such as are directed." 1B *Moore's Federal Practice* ¶ 0.404(10), at 172 (1984). *See Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). Thus, the initial question in the instant case is whether this Court deter-

mined on the prior appeal whether Ward should be able to proceed on a theory of resulting trust in the district court. Ward argues that this Court's prior discussion of the theory of resulting trust should be dismissed as obiter dicta. *See Pegues v. Morehouse Parish School Board,* 706 F.2d 735 (5th Cir.1983) (prior Court's statements constituted dictum where Court remanded that issue to district court for consideration). On the prior appeal, this Court stated with regard to the issue of resulting trust:

> A constructive trust must also be distinguished from a resulting trust. A resulting trust is an actual, binding trust that can develop where the parties intended a confidential or fiduciary relationship to develop and acted accordingly, but failed to create a valid actual trust agreement. A resulting trust can occur, for example, where one party buys real property with the funds of another with the understanding that the property is being held for the party that provided the money. The resulting trust analysis does not apply to this case, however, because it requires evidence of a shared intent to establish a strict fiduciary relationship. No shared intent to establish such a relationship is claimed in this case. The issue of resulting trust is not raised by any party.

715 F.2d at 946. While this Court's statement, taken in an isolated fashion, arguably could be construed as dictum,[1] *see* 1B *Moore's Federal Practice* ¶ 0.402[2], at 37 (1984), the Court's opinion must be read as a whole. This Court obviously was well aware that the theory of resulting trust was an alternative theory on which Ward

might possibly have recovered in the district court. In any event, since this Court had previously considered the alternative theory of resulting trust and rejected it, the Court specifically directed that judgment be entered in favor of Sentry Title:

> We reverse that part of the judgment awarding the remainder of the interpleader fund to Ward and render judgment for that amount to Sentry Title Co., Inc., record title holder of the Dyckman property at the time of the foreclosure sale.

715 F.2d at 951.

That the theory of resulting trust was considered on the prior appeal is further reinforced by the strong dissent that was put forth by the Hon. Hubert L. Will, sitting on this Court by designation. After disagreeing with the majority's analysis that a constructive trust did not apply, the dissent turned to the theory of resulting trust:

> As previously noted, resulting as well as constructive trusts are an exception to the Texas Trust Act's inhibition against oral real estate trusts. While I think the facts here clearly warrant the District Judge's finding of a constructive trust, those findings also, in my opinion, clearly establish a resulting trust. As the majority recognizes, a resulting trust arises when one party buys real property with the funds of another with the understanding that the property is being held for the party that provided the money. The majority asserts that the resulting trust analysis does not apply in this case because the evidence fails to demon-

---

1. It is common practice for this Court to consider theories other than that relied upon the district court in order to consider whether the judgment of the district court may be affirmed on an alternative ground. Often the Court will ask the parties to submit supplemental briefs to assist the Court in this effort. Here, the Court on the prior appeal addressed an issue which required no further factfinding by the district court and which had been briefed by the parties in trial briefs included in the record. Such action promotes the finality of litigation, consistent with the goal that "the federal system

aims at a single judgment and a single appeal." 1B *Moore's Federal Practice* ¶ 0.404[10], at 169 (1984). Similarly, this Court often addresses issues for the guidance of the parties and the district court on remand. It cannot be said that such considered statements should be dismissed as dictum simply because the Court was not absolutely required to raise and address such an issue. Such statements constitute the "professed deliberate determinations of the [court]" and, when done in this fashion, may not be summarily dismissed as dictum. *See Black's Law Dictionary* 409 (5th ed. 1979).

strate an intent to establish a fiduciary relationship.

The District Court found, however, that such a fiduciary relationship had been established, that Whatley or his companies had purchased and held the Dyckman property with Ward's money and for his benefit and that Whatley's refusal to convey the property to Ward was a breach of that fiduciary duty. Those uncontested findings, it seems obvious to me, establish a resulting trust. *See, e.g., Atkins v. Carson,* 467 S.W.2d 495, 500 (Tex.Civ.App.1971); *Grasty v. Wood,* 230 S.W.2d 568 (Tex.Civ.App. 1950); *cf. Carson v. White,* 456 S.W.2d 212 (Tex.Civ.App.1970) (no resulting trust absent evidence of the source of the funds used to purchase the property).

The fact that Ward has not urged the resulting trust analysis or that the District Court found a constructive trust rather than a resulting trust or both does not change the facts or warrant the majority's dogged refusal to acknowledge that Texas law would impose a resulting trust on the basis of those unchallenged facts. All concerned understood that Whatley was acting in connection with the Dyckman property on behalf of Ward until 1972 when Whatley for the first time sought to deny it. Unless this Court rejects the District Court's uncontested findings, which it is my understanding an appellate court may not do, all the elements of a resulting trust are here present.

715 F.2d at 961. The dissent closed with the observation that the majority's analysis resulted in judgment for the Whatley interests and, specifically, Sentry Title. In the face of this dissent, this Court (the majori-

ty) remained steadfast that judgment be entered in favor of Sentry Title.

Ward filed a petition for rehearing and rehearing en banc in which he raised the issue of resulting trust. This Court denied the motions and left its original mandate intact. Similarly, this Court did not alter the substance of its judgment even when it modified its mandate permitting the district court to consider two relatively minor issues. This Court specifically noted that these two issues were to be the only issues considered on remand:

> *Our original decision* in this case, 715 F.2d 941 (5th Cir.1983), *stands unchanged* except as follows: The case is returned to the district court *solely* for the court to determine (1) the amount of money which appellee Ward is entitled to deduct as his actual out-of-pocket expenditures, plus interest in the discretion of the district court, in connection with the Dyckman tract purchases as he complies with the mandate of the Court to pay. over to Sentry Title the proceeds from the sale of the Dyckman tract, and for the court to determine (2) the interest which should be paid to Sentry Title by Ward on the sum to which Sentry Title is entitled under our mandate as proceeds from the Dyckman tract after deduction of Ward's actual costs advanced in the purchase and maintenance of title in the Dyckman tract and commencing on the date the funds plus accrued interest were paid from the registry of the court to appellee Ward.

727 F.2d at 1371 (emphasis added). It should also be noted that consideration of these remanded items were consistent only with a judgment in favor of Sentry Title.[2]

---

**2.** This Court's opinion in *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059 (5th Cir.1981), does not dictate a contrary result. There, this Court held that the district court, after complying with this Court's mandate, could grant a motion for new trial on a ground not previously considered by the trial court or this Court. No mention of the alternative ground was included in this Court's prior opinion. In the instant case, the district court did not comply with the mandate and this Court's

opinion, when read as a whole, addressed the issue of resulting trust.

We also note that this Court's prior denial of a petition of mandamus sought by Sentry Title to prevent consideration of the resulting trust issue should not be considered as approving the district court's action. *See Key v. Wise,* 629 F.2d 1049, 1055 (5th Cir.1980), *cert. denied,* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981). *See generally* 1B *Moore's Federal Practice* ¶ 0.402[2], at 31–32 (1984).

We are constrained to hold that the district court erred in reconsidering the issue of resulting trust. This Court's previous statements cannot be dismissed as dictum, and the district court's determination was outside the mandate of this Court. While we admire the dedication of the trial judge in examining the issue of resulting trust, it must be held that this reexamination yield to the finality of this Court's determination.

Finally, this panel of this Court may not overrule the prior determination of another panel of this Court that judgment should be entered in favor of Sentry Title. *See United States v. 162.20 Acres of Land,* 733 F.2d 377, 379 (5th Cir.1984), *cert. denied,* 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 920 (1985). As this Court has noted in previous cases, "In this circuit, . . . the law-of-the-case doctrine is supplanted by our firm rule that one panel cannot disregard the precedent set by a prior panel even though it perceives error in the precedent." *Id.* In the instant case, we see no grounds or "manifest injustice" requiring a reexamination of the Court's prior opinion. *See William G. Roe & Co. v. Armour & Co.,* 414 F.2d 862 (5th Cir.1969).

It appears that the district court has not yet considered the two grounds (to which it was limited) which were in fact left to its determination on the prior appeal. The judgment of the district court in favor of Ward is reversed and the case is remanded to the district court to consider only those issues as set forth in the Court's prior opinion. 727 F.2d at 1371.

REVERSED AND REMANDED.