IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2007

Charles R. Fulbruge III
Clerk

———————————————

No. 06-30095

———————————————

PETRO-HUNT, L.L.C.; HUNT PETROLEUM CORPORATION;
and KINGFISHER RESOURCES, INC.,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,
ASPECT RESOURCES, L.L.C.; BAYOU PETROLEUM CO.;
FIRST TEXAS HYDROCARBONS, INC.; OSCAR C.
FORLAND; GULF COAST OIL & GAS CO.; JUSTISS OIL
CO. INC.; MB EXPLORATION, L.L.C; NORTHSTAR
ENERGY, L.L.C.;PALMER PETROLEUM, INC.; HOWELL R.
SPEAR; JOHN P. STRANG; OCEAN ENERGY RESOURCES
INC., formerly known as UMC Petroleum Corp.;
WHELESS T.D.L. EXPLORATION CO., L.L.C.; DEVON
S.F.S. OPERATING INC., formerly known as Santa
Fe Snyder Corp.; J. BRADLEY JEFFREYS; ENERGY
ARROW EXPLORATION L.L.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Petro-Hunt, L.L.C.; Hunt Petroleum Corp.; and Kingfisher Resources, Inc. (collectively, "Petro-Hunt") brought this suit in order to quiet title to 95 Louisiana mineral servitudes claimed by the United States. The servitudes are related to 180,000 acres of surface land acquired by the United States in the late 1930s for incorporation into the Kisatchie National Forest. The case now comes before us on its second appeal. See Petro-Hunt, L.L.C. v. United States, 365 F.3d 385 (5th Cir. 2004). Our prior opinion lays out the extensive factual and procedural history behind the case. On this appeal, Petro-Hunt argues that the district court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

erred on remand by denying a motion for trial; failing that, Petro-Hunt argues that the court's prior mandate is clearly erroneous and should be withdrawn. For the reasons below, we AFFIRM.

The central issue behind the suit is whether Louisiana Act 315, which passed subsequent to the acquisition at issue in this case, operates retroactively to render the mineral servitudes imprescriptible, such that they may never revert to the United States through non-use. The lands to which these servitudes relate were acquired by the United States at the same time as the 800 acres of land and the single mineral servitude at issue in our earlier decision in United States v. Nebo Oil, 190 F.2d 1003 (5th Cir. 1951). For present purposes, it is enough to note that the earlier Petro-Hunt appeal determined that the Nebo Oil decision did not quiet title to anything beyond

the 800 acres of land and the single mineral servitude at issue in that case and that therefore Nebo Oil did not, through either res judicata or collateral estoppel, bar the present suit. See Petro-Hunt, 365 F.3d at 396-97.

Having reached that determination, the panel then looked to the Supreme Court's decision in United States v. Little Lake Misere Land Co., 412 U.S. 580 (1973), and this court's subsequent decision in Central Pines Land Co. v. United States, 274 F.3d 881 (5th Cir. 2001). Following that precedent, the first Petro-Hunt panel determined that federal law governed the choice-of-law decision presented by the facts of this case and that Act 315 could not be used as the federal rule of decision because it is hostile to the federal interest at stake. Petro-Hunt, 365 F.3d at 399. Accordingly, the panel found that

"the 95 servitudes that were not at issue in <u>Nebo Oil</u> are subject to the contractual provisions permitting prescription after ten years' nonuse" and remanded the case "so that the district court can determine which servitudes have in fact prescribed." <u>Id</u>.

On remand, Petro-Hunt filed a motion for trial on the question of whether Act 315 was "hostile to the government" and therefore could not be applied to the facts of this case - in other words, whether the 95 servitudes in this case are subject to the rule of prescription. The district court denied the motion for trial, citing the mandate in the first appeal for the proposition that the "only issue to be determined is which of the '95 servitudes that were not at issue in <u>Nebo Oil</u>' have in fact prescribed for nonuse." The parties then stipulated that five of the servitudes -

constituting approximately 109,844.5 acres - still exist through use and that the remainder had prescribed. The district court entered final judgment based on this stipulation, granting Petro-Hunt's earlier alternative motion for summary judgment. The judgment declared the five extant servitudes to be in "full force and effect" and declared any leases on lands burdened by those servitudes to be "null and void." On appeal, Petro-Hunt argues that the district court overstepped its bounds by denying the motion for trial; failing that, Petro-Hunt argues that the court's prior mandate is clearly erroneous and should be withdrawn. We find no merit in either assertion.

Petro-Hunt's first argument is that the prior panel's statement regarding the applicability of Little Lake Misere and Central Pines to the

6

present case constituted dicta, since only the questions of res judicata and collateral estoppel were raised before either the district court or the circuit panel during the first appeal. This court, however, has decided issues "on which the lower court has had no occasion to rule," in situations when "the issue before [the court] is a purely legal one." Cont'l Sav. Ass'n v. U.S. Fid. & Guar. Co., 752 F.2d 1239, 1244 n.4 (5th Cir. 1985). Such rulings are "most efficient to dispose of [an] issue promptly, thus truncating the subsequent development of [a] case." Id. Where deciding the issue "require[s] no further factfinding by the district court and . . . ha[s] been briefed by the parties in trial briefs included in the record," such action by the court "promotes the finality of litigation, consistent with the goal that "the federal system aims at a

single judgment and a single appeal." <u>Harris v. Sentry Title Co.</u>, 806 F.2d 1278, 1280 n.1 (5th Cir. 1987) (per curiam) (citing 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.404[10] (1984)).

> [T]his Court often addresses issues for the guidance of the parties and the district court on remand. It cannot be said that such considered statements should be dismissed as dictum simply because the Court was not absolutely required to raise and address such an issue. Such statements constitute the "professed deliberate determinations of the [court]" and, when done in this fashion, may not be summarily dismissed as dictum. <u>See</u> BLACK'S LAW DICTIONARY 409 (5th ed. 1979).

<u>Harris</u>, 806 F.2d at 1280 n.1.

We find that the earlier panel offered just such a deliberate, considered statement in ruling on the choice-of-law issue. The district court could not, therefore, have properly disregarded the panel's explicit directions regarding the scope of the remand and acted properly in limiting

its review in accordance with those instructions. See <u>Briggs v. Penn. R.R. Co.</u>, 334 U.S. 304 (1948); <u>Harris</u>, 806 F.2d at 1280 n.1.

With regard to Petro-Hunt's second argument – that the prior mandate of this court is clearly erroneous and should be withdrawn - we begin by noting the well-established rule that one panel within this circuit may not overrule the opinion of another. <u>Ryals v. Estelle</u>, 661 F.2d 904 (5th Cir. 1981); <u>United States v. Henry</u>, 727 F.2d 1373 (5th Cir. 1984). Furthermore, the law-of-the-case doctrine forbids us from re-examining issues of law or fact decided in a prior appeal. <u>See</u> <u>United States v. Becerra</u>, 155 F.3d 740, 752 (5th Cir. 1998). There are three exceptions to this doctrine: we may re-examine an earlier decision only when (1) substantially different evidence is presented; (2) there is a change in controlling

legal authority; or (3) "the decision was clearly erroneous and would work a manifest injustice." Id.; see also White v. Murtha, 377 F.2d 428 (5th Cir. 1967). "Mere doubts or disagreement about the wisdom of a prior disagreement . . . will not suffice." Hopwood v. State of Texas, 236 F.3d 256, 272 (5th Cir. 2000). Petro-Hunt relies on the third of these narrow exceptions, but in support only reasserts the arguments raised before this court during the first appeal. We are not persuaded that the prior panel decision results in such manifest injustice as to warrant the exception, and we therefore decline to apply the exception and revisit the earlier decision.

The district court properly limited the scope of its remand in accordance with the earlier panel instructions, and Petro-Hunt has not shown that the earlier decision on appeal is so clearly

erroneous as to work a manifest injustice. We therefore AFFIRM the district court's ruling.