**JOHNSON v. COFER et al.**

No. 8579.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1938.

Horace W. Morelock, of Austin, and L. Hamilton Lowe, of Corpus Christi, for appellant.

Wright Stubbs, Everett L. Looney, and Cofer & Cofer, all of Austin, for appellees.

BAUGH, Justice.

The only issue on this appeal is whether or not Cofer & Cofer, as attorneys for appellant, were entitled under their written contract with him to recover as attorney's fees one-half of the rents derived from

property in Austin, Tex., involved in litigation wherein they represented him. That litigation culminated in an appeal to this court in the case of Johnson v. Snaman, Tex.Civ.App., 76 S.W.2d 824, writ refused.

The record in the instant case discloses that, after we had reversed and remanded the above-styled cause to the trial court with instructions to foreclose the mortgage therein held to be valid, in order to avoid the expense and delay of a judicial sale, and upon advice of appellees, Johnson agreed to and did convey to Snaman, the creditor, the property involved in discharge of the debt, and on condition that Johnson have the rents collected between the time that suit was filed and the date of said conveyance. Of these rents Johnson had collected and retained $1,658.79; and Cofer & Cofer had collected and retained, after allowing necessary expenses not controverted, rents in the sum of $969.65. Upon refusal of Cofer & Cofer to pay this latter sum over to him, Johnson brought this suit for that amount. In addition to other pleas duly filed, Cofer & Cofer filed a cross-action against Johnson for $344.57, as being the balance due them by Johnson under their written contract with him.

Trial was to a jury, but at the close of the evidence the trial court instructed a verdict in favor of Cofer & Cofer for $344.57, and rendered judgment accordingly, from which Johnson prosecutes this appeal upon pauper's oath.

It is unnecessary to set out the contract in full here. It employed appellees to represent him and to conduct all litigation which might result, involving the estate of his mother, under whom he claimed, and to protect his own interests in the property involved as well. As compensation he assigned to them a one-half interest in the property described; and further agreed: "I further agree to pay the said attorneys one-half of any sums or property which may be realized from the said property aforesaid either through suit, settlement, or otherwise, and I do hereby set over and assign to the said attorneys said one-half interest in any such sums or property."

Reference to the above-cited case shows that two principal issues were there involved: An attempt to set aside the mortgage on the property as void because Johnson had not signed it; and second to construe the trust deed under which Johnson claimed title to the property. As to the first, Johnson's contention was not sustained, and the mortgage was held to be valid. As to the second, his contention was sustained, that is, that the title to the property, subject to the debt against it, passed to Johnson under the trust deed there involved, rather than by inheritance. It appears from the record in the instant case, in addition to what the appeal in the Snaman case shows, that the creditors of Johnson's mother were insisting that said property constituted a part of her estate, and that it together with the rents therefrom were subject to the payment of her debts, and said creditors were seeking to impound such rents for that purpose. The probate court and the district court so held. Through the efforts of his attorneys, appellees here, Johnson's rights in the property were adjudicated, and through a final settlement the rents preserved to him, which but for such efforts and said appeal, and had the judgment of the trial and probate courts in that case not been reversed, he would not have obtained such rents, but they would have gone to the creditors of his mother. It is manifest, therefore, that the rents involved in that case, though the property was conveyed by Johnson to the creditors in the discharge of the liens against it, were "sums * * * realized from the said property aforesaid either through suit, settlement or otherwise, * * *" a one-half interest in which he had assigned by his written contract to his attorneys as compensation for their services.

Appellant first contends that the evidence was conflicting on the question of whether Cofer & Cofer had a right to retain the rents collected by them; and, secondly, that the contract was ambiguous and there was testimony tending to show that rents were not included in said contract. That, consequently, it was error to instruct a verdict in favor of appellees. These propositions are predicated upon the fact that rents were not specifically mentioned in the contract; Johnson's testimony that he was already collecting the rents at the time he made the contract and would have continued to collect same, regardless of the suit filed by appellees; and that said contract being drawn by appellees should be strictly construed against them.

In the last analysis these contentions merely involve a construction of the contract. While Johnson testified that he was already collecting said rents when he employed appellees and that he would have continued to do so regardless of said

suit, and that therefore said suit saved him nothing he would not have received in any event, this was but his conclusion, and not sustained by the facts. It is true that he was collecting the rents on said property after his mother's death, but the probate court had ordered him to inventory said property as belonging to the estate of his mother, thus subjecting same to the payment of her debts. Subsequently this action was sustained by a judgment of the district court. He was appointed by the district court as receiver for said property and directed to preserve these rents pending the outcome of the litigation. This he failed to do and was removed as receiver. Manifestly these rents were necessarily involved in the litigation, and but for the reversal of the trial court's judgment by this court on appeal in the Snaman Case would have been lost to Johnson. Regardless of his testimony and conclusions, therefore, we think they were necessarily included within the terms of his contract with his attorneys. In this regard the contract, in the light of the undisputed facts, appears to be clear and unambiguous, and no parol testimony was needed to construe it. His testimony to the effect that such rents were not included in the contract amounted to an attempt on his part to vary by parol the terms of his written contract. This under well-settled rules of evidence he cannot do. His contract and assignment in express terms related not only to the real estate itself but to the entire subject matter of the litigation, which, as stated, included the proceeds realized therefrom, viz., the rents here involved.

We are fully aware of the rule that, if there be ambiguity or uncertainty as to terms of a written contract, parol testimony is admissible to show the intention of the parties. Cases cited by appellant sustain such rule. But, in view of the facts and circumstances surrounding the execution of the contract of employment here involved, as reflected by the Snaman case above cited, and the undisputed facts of this record, together with the plain terms of the contract itself, we think no issue as to a proper construction of it was made to go to the jury. The only issue requested to be submitted by appellant was whether the phrase "or otherwise" in the contract included the rents. A casual reading of the language above quoted from said contract, in which this phrase was used, shows that said phrase relates merely to the method of recovery, and not to the subject matter of the recovery, and has no relation to the subject matter of the assignment.

In a trial amendment, in addition to pleading that the contract was ambiguous, and as a reason that the rents were not included in the assignment, Johnson pleaded that appellees "well knew at the time that said rents were and had been assigned to the bank." There was no proof as to this nor did any bank assert, so far as the record shows, any interest in said rents. If such pleading of Johnson be accepted as true, however, and he had in fact assigned such rents to the bank, manifestly he would not be a proper party, absent any authority shown vested in him to do so, to sue in his own name for that which he had already assigned and did not own. Amsler v. D. S. Cage & Co., Tex.Civ. App., 247 S.W. 669; American Ins. Union v. Allen, Tex.Civ.App., 192 S.W. 1087; 5 Tex.Jur. § 36, p. 46; 6 C.J.S., Assignments, § 122, p. 1170.

The rule is well settled that the relationship of an attorney to his client is one of uberrima fides, and transactions between them affecting the subject matter which the attorney is employed to protect will be strictly scrutinized against the attorney, even to the extent of being considered prima facie fraudulent. Bell v. Ramirez, Tex.Civ.App., 299 S.W. 655; Baird v. Laycock, Tex.Civ.App., 94 S.W.2d 1185, 1189; 5 Tex.Jur. § 37, p. 437. This rule, however, applies as between them after that relationship of attorney and client has come into existence; and does not apply to a contract of employment, whereby such relationship is created, and by which the attorney's compensation is fixed. This was the express holding in Laybourn v. Bray & Shifflet, Tex.Civ.App., 214 S.W. 630, writ refused.

As to the latter character of contract the client could, of course, attack it on the grounds of fraud, misrepresentation, overreaching, or any other ground which the law recognizes. And in determining such issue the relative knowledge of the parties as to such matters would be considered. But in the instant case no such attack was made in appellant's pleadings. On the contrary, he recognized the validity of the contract in this suit, but sought to put a construction upon it which its language will not sustain. While, in his last proposition, he does contend that there was sufficient evidence to raise an issue of constructive fraud against appel-

lees, inducing the execution of the contract of employment, nowhere is any such issue pleaded by him either expressly or inferentially. Consequently such a contention cannot be here considered because of total lack of any pleadings to sustain it. Appellant is here bound by the theory on which his case was pleaded and tried in the court below. 3 Tex.Jur. § 111, p. 168.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.