## SMITH v. DEAN et al.
### No. 2962.

Court of Civil Appeals of Texas. Waco.
May 31, 1951.

Rehearing Denied June 14, 1951.

Clyde F. Winn, J. C. Lumpkins, Waxahachie, for appellant.

Hines & Pruitt, Ennis, for appellees.

HALE, Justice.

Appellant sued appellees, Leonard Dean and Lou Hardy, by an action in trespass to try title for a certain lot situated in Ennis, Texas, alleging that he had acquired title to the lot under the ten-year statute of limitation. Appellees answered with a general denial and in addition thereto Dean alleged that he was in actual possession of the property as the tenant of Lou Hardy and the latter pleaded that she was the owner of an undivided interest in the property under the will of her deceased aunt, Emily Neal. The case was tried by the court without a jury and resulted in judgment that appellant take nothing.

At the request of appellant the trial court filed findings of fact and conclusions of law. The court found in substance among other things, that appellant had not acquired title to the property in controversy under the statute of limitation because he had entered into possession of the same in his capacity as an attorney at law for one of the devisees in the will of Emily Neal, deceased, and had continued in possession thereof as trustee for the estate of Emily Neal until a short time prior to the institution of this suit without ever giving "any notice of any kind to any devisee under the will of Emily Neal that he was claiming said property adversely to them or any of them or otherwise than as a trustee for the estate of Emily Neal." Appellant contends that the court erred in his findings of fact and conclusions of law and in rendering judgment against him because he says the undisputed evidence shows he had acquired title to the property under the ten-year statute of limitation.

The evidence shows that on August 23, 1922, the will of Emily Neal was filed for probate and was thereafter duly recorded in the Record of Wills of Ellis County. By the terms of the will the testatrix devised the property here in controversy, subject to the payment of her debts, to certain named nieces and nephews, including Lou Hardy. The will further provided that if the debts of the testatrix were not paid the executor therein named was authorized to sell the property of the deceased for the purpose of paying her debts. Lou Hardy paid the funeral expenses of her aunt, Emily Neal, at the time of the latter's death and she has not been reimbursed for such payment. She testified in effect that she thought the executor named in the will of her aunt had charge of the property and that he had the right and duty to look after the same; that the other nieces and nephews named as devisees in the will of her aunt had either died or moved away from Ennis; and that she did not know appellant was asserting any right of dominion or control over the property until the executor named in the will of her aunt died a short time prior to the institution of this suit.

Appellant is an attorney at law and he has been actively engaged in the practice of his profession at Waxahachie for many years. He testified that sometime during the latter part of 1922 a Negro woman came to his office and told him she had acquired some property in Ennis by the will of her deceased aunt, Emily Neal; that she was going on a trip to California and wanted appellant to take charge of the property and manage it during her absence and if appellant never heard from her again the property would become his; that he had an agent to take charge of the property for him and the agent collected some rent and made some repairs but he did not know the details thereof because he had lost the ledger in which he had recorded the name of his client and the state of the account; that he never saw or heard from his client any more after she left his office in 1922; and that, after the lapse of seven years, he presumed she was dead and he then and continuously thereafter remained in possession of the property in controversy, paid the taxes due thereon and claimed to be the owner thereof.

Lou Hardy and appellant were the only witnesses who testified upon the trial. Each was an interested party and consequently the trial court was not necessarily required to accept as true all of the testimony given by either. Without attempting here to set forth all of the trial court's findings or all of the testimony given by either or both of the parties with respect thereto, it must suffice to say that in our opinion the evidence as a whole

was such as to warrant the court in finding that appellant took charge of the property in controversy as an attorney at law and as trustee for the estate of Emily Neal and that he did not give notice to any of the beneficiaries thereunder that he was claiming the property adversely to them.

■ The relation of attorney and client is one of *uberrima fides*. Bell v. Ramirez, Tex.Civ.App., 299 S.W. 655, pts. 5 and 6, er. ref.; Baird v. Laycock, Tex. Civ.App., 94 S.W.2d 1185, er. dis.; Johnson v. Cofer, Tex.Civ.App., 113 S.W.2d 963. The integrity of such relationship should be carefully observed and scrupulously upheld at all times. As said in 5 T.J. p. 431, Sec. 32: "The cardinal principle that an attorney owes his client the highest of good faith furnishes a basis for a number of legal doctrines. The attorney may not represent conflicting interests; and if he acquires an interest in the property in controversy adverse to that of his client, the law regards him as holding as a trustee for the client." The text is supported by the citation of numerous authorities.

■ Furthermore, it is well settled that limitation does not begin to run against the beneficiary of a trust in favor of the trustee until the latter has repudiated the trust and the beneficiary has had notice of the repudiation. 2 T.J. p. 145, Sec. 76; McLean v. Hargrove, 139 Tex. 236, 162 S.W.2d 954; Thompson v. Richardson, Tex. Com.App., 221 S.W. 952; Boykin v. Black, Tex.Civ.App., 31 S.W.2d 501, pt. 6, er. ref. Neither can a tenant in common mature a title by limitation against his cotenant unless it clearly appears that the former has repudiated the title of the latter. Madison v. Matthews, Tex.Civ.App., 66 S.W. 803; Fulcher v. Carter, Tex.Civ.App., 212 S.W.2d 503, pt. 11 and authorities. If appellant did not sustain toward the estate of Emily Neal the relationship of an attorney to his client, it is quite clear from the evidence as a whole that his unnamed client was in any event a devisee under the will of Emily Neal and as such she was a tenant in common with Lou Hardy. Therefore, in the absence of notice to Lou

Hardy that appellant had repudiated his trust relationship or the title of Lou Hardy as a tenant in common with him, the statute of limitation did not begin to run against her and in favor of appellant.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment appealed from is affirmed.