**CONSOLIDATED GAS & EQUIPMENT
COMPANY OF AMERICA, Appellant,**

v.

**H. M. THOMPSON et al., Appellees.**

No. 7543.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 22, 1965.

Rehearing Denied Dec. 20, 1965.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellant.

Hugh L. Umphres, Jr., Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Frank Dove, Panhandle, for appellees.

NORTHCUTT, Justice.

This is an appeal from a judgment in favor of the plaintiffs based upon the findings of the jury.

Plaintiffs' suit was to establish a constructive and resulting trust upon the working interest of an oil and gas lease executed to defendant. Plaintiffs Thompson, D. A. Griffith and C. A. Griffith, filed this suit against Consolidated Gas and Equipment Company, and L. B. Newman, its president and alter ego. Plaintiffs alleged that defendant Newman (acting for himself and Consolidated) advised plaintiff D. A. Griffith that he was interested in acquiring leases on lands near known oil and gas production; that Griffith located unleased lands in Carson County, Texas, and advised Newman. Newman agreed with Griffith that if the leases were passed by his geologist, the working interest would be acquired by defendant, subject to a $\frac{1}{16}$ of $\frac{7}{8}$ override interest in Griffith. After such agreement and in reliance thereon, Griffith disclosed to Newman the location of the land; Newman wanted Griffith to go and lease the lands immediately; that when Griffith could not do so Newman suggested that plaintiff Thompson was available to secure the leases; Griffith agreed that he would

pay Thompson for securing the leases (and assigned him a $\frac{1}{3}$ interest in his $\frac{1}{16}$ overriding royalty for same; and also assigned a $\frac{1}{3}$ interest in the $\frac{1}{16}$ overriding royalty to his father, plaintiff C. A. Griffith).

It was suggested that some of the leases would require payment of a bonus, and Newman said that this should be Griffith's burden; Griffith agreed, but said he had no cash and Newman agreed to advance the bonus money, and hold it out of Griffith's overriding royalty payments. Thereafter, Thompson secured the leases which were taken in Consolidated Gas Company's name. Plaintiffs allege that D. A. Griffith and defendant stood in a position of trust and confidence toward each other, by virtue of which facts when Consolidated took the legal title to the leases there arose by operation of law a resulting and constructive trust in favor of plaintiffs. Defendant drilled and took large sums of oil and gas from the lease but refuses to account to plaintiffs for their $\frac{1}{16}$ override interest (less bonus advance indebtedness). Plaintiffs prayed for judgment that defendant be decreed to hold the lease in trust as to plaintiffs' $\frac{1}{16}$ override and for accounting.

Defendant answered, among other things, that plaintiffs' suit was to recover a commission as real estate brokers, and that they had no real estate license; that the alleged trust, if a trust, was an express trust for an interest in real estate, and unenforceable unless in writing; and that plaintiffs' cause of action is for an interest in real estate upon a parol agreement and is in contravention of the Statute of Frauds.

The evidence reflected, among other things, that plaintiff D. A. Griffith's father, C. A. Griffith, had dealt in the past with defendant on oil and gas leases; that plaintiff D. A. Griffith located 2 or 3 sections of unleased land near production; that the Griffiths went to see defendant Newman. Newman agreed to give D. A. Griffith $\frac{1}{16}$ override for information as to the location of the property; that Newman wanted Griffith to go and lease the land immedi-

ately, and when Griffith could not do so, Newman suggested Thompson could do the job, but that Griffith would have to pay him for doing so out of his 1/16 override. Griffith agreed to this and assigned Thompson 1/3 of his 1/16 override. Thompson leased the lands, taking the leases in the name of Consolidated. Consolidated drilled, brought in production, but refused to account to plaintiffs, or to assign them the 1/16 overriding interest. There is evidence that the leases were to be taken by D. A. Griffith in his name and then be transferred to defendant.

In answer to the special issues submitted to the jury, the jury found that at the time of the transaction in question L. B. Newman was acting on behalf of Consolidated Gas & Equipment Company of America; that L. B. Newman and D. A. Griffith entered into a final oral agreement whereby it was agreed that if D. A. Griffith would reveal to L. B. Newman the location of a section of land available to be leased for minerals and if such lease covering such land was acquired and if drilled and production obtained thereon, that plaintiffs would own 1/16 of 7/8 overriding royalty interest in the production under the lease; that pursuant to said agreement D. A. Griffith did reveal to L. B. Newman the location of the land in question; that at the time and place Griffith had confidence in Newman; that at the time and place Griffith trusted Newman and that the lease in question was acquired as a result of the oral contract in question. Mr. Malone, executive vice-president of the defendant corporation, gave an accounting of the net proceeds received from production under the lease in question and estimated that 1/16 of the 7/8 working interest would be $16,000. Judgment was entered upon the verdict of the jury declaring the plaintiffs a constructive trust as to a 1/16 overriding royalty in and to the 7/8 working interest estate granted under the oil and gas mining lease here involved and judgment in the sum of $16,000, such sum being the amount of net proceeds attributable to production from the overriding royalty interest owned by the plaintiffs. From that judgment the defendant perfected this appeal and will hereafter be referred to as appellant.

Appellant contends the trial court erred in granting judgment for plaintiffs (appellees) because the plaintiffs' cause of action became barred by the 2 and 4 year statute of limitations; because plaintiffs did not have a real estate broker's license; because the action herein was brought to enforce an alleged oral agreement which contravenes the statute of frauds and because it is an action seeking to establish by parol evidence an express trust in relation to realty which is prohibited under the Texas Trust Act. It seems to be the contention of appellant that there was no basis for the application of the doctrine of constructive trust.

This is a second appeal of this case. In the first trial the trial court discharged the jury and rendered judgment that plaintiffs take nothing. The plaintiffs appealed the case and the Court of Civil Appeals reversed and remanded the case. Thompson v. Newman, Tex.Civ.App., 378 S.W.2d 879. The court there in part stated as follows: "It is our view that under the facts, Griffith did not act as a broker or real estate dealer, hence required no real estate broker's license." We believe that holding as to real estate broker's license was binding on appellant here; but should we be in error in holding that the same was binding upon appellant in this case, we are of the opinion, and so hold, that Griffith did not act as a broker or real estate dealer and consequently did not require to have a broker's license.

We think the record in this case clearly shows that this is a suit to impress the overriding royalty interest with a constructive trust and that neither the 2 nor 4 year statute of limitations are applicable. Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272, 156 A.L.R. 949; MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334; McGowen v. Montgomery, Tex.Civ.App., 248 S.W.2d 789

(N.R.E.); Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471.

■ "The term 'constructive trust' is broadly defined as a trust raised by construction of law, or arising by operation of law, as distinguished from an express trust; but in a more restricted sense and contradistinguished from a resulting trust, it is defined as a trust not created by any words, either expressly or impliedly evincing a direct intention to create a trust, but by the construction of equity in order to satisfy the demands of justice." 89 C.J.S. Trusts § 15, p. 726. Equity will impose a constructive trust to prevent one who obtained property by fraudulent means from being unjustly enriched. Thigpen v. Locke, Tex., 363 S.W. 2d 247; Binford v. Snyder, supra.

■ In this case at bar L. B. Newman, president of appellant, kept putting off the request of the plaintiffs to convey the ⅓₁₆ interest by telling them to wait until the company could get the pipe line in and selling oil, then later asked them to wait until they could get the gas lease straightened out and then he would make an assignment. Newman first stated he would have his attorney draw up a contract. Newman on several occasions stated as soon as he completed certain things he would convey the plaintiffs their interest. These representations continued until finally Newman said the wells were not paying out and they never would pay out in 100 years and he would have the pipe lines and everything moved off of their land within 60 days and there was nothing there to make an assignment on. That was the first repudiation. It was then that this suit was filed.

■ It seems to be well settled that limitation does not begin to run against the beneficiary of a trust in favor of the trustee until the latter has repudiated the trust and the beneficiary has had notice of the repudiation. Smith v. Dean, Tex.Civ.App., 240 S.W.2d 789 and cases there cited.

■ Appellant contends this record shows as a matter of law that plaintiffs are seeking to enforce an express trust created by parol which is prohibited by Section 7 of the Texas Trust Act, Articles 7425b–1 to 7425b–48. We are of the opinion, and so hold, that the Trust Act does not apply in this case because if the plaintiffs were entitled to recover it was under the theory of a constructive trust and under this record and the findings of the jury, we are of the opinion a constructive trust was shown. The Trust Act provides that it does not include constructive trust. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256. We have carefully considered all of appellant's assignments of error and overrule all of them.

Judgment of the trial court is affirmed.