Marilyn P. WEAVER and John Turner, Appellants,

v.

Mary Kay and H. Don STEWART, Appellees.

No. A14–91–00091–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

Rehearing Denied March 12, 1992.

Christina Stone, Robert Alan York, Houston, for appellants.

Robert H. Fisher, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## ON MOTION FOR REHEARING

J. CURTISS BROWN, Chief Justice.

This is an appeal from a take-nothing summary judgment. Appellants brought suit to impress a constructive trust on real property, or alternatively, for damages alleging tortious interference and violations of the DTPA. Appellees moved for summary judgment and, although the motion

addressed only the issue of constructive trust, the trial court granted summary judgment on all three claims. On September 26, 1991, we issued an opinion reversing the judgment of the trial court. Appellees then filed a motion for rehearing. Although we overrule appellees' motion, we withdraw our previous opinion and substitute this opinion, reversing the trial court's judgment.

The parties in this case met in May 1988 when Mary Kay Stewart was working as an agent at Fuller–Wallace Inc. Realtors. Marilyn Weaver had approached Stewart about purchasing waterfront property. Representing herself as an expert in this area, Stewart agreed to help Weaver locate the property. Although the parties worked together in the following weeks, the desired property was not located. Weaver later found and became independently interested in the property that is the subject of this suit. Upon locating this property, Weaver immediately went to the real estate office and asked Stewart to submit a purchase contract. Stewart said she knew nothing about the property except that it was tied up in litigation. Weaver subsequently reiterated her interest in purchasing the property, but Stewart attempted to dissuade her.

Weaver and Turner later agreed to a joint purchase of this property and Weaver informed Stewart of this fact. Stewart stated she had another buyer interested in the property to whom she felt more obligated. Although Stewart refused to assist Weaver at this time, she did say in the event the first buyer backed out she would contact Weaver and assist her in the purchase of this property. Stewart then suggested that Weaver find another agent to assist her. Though Weaver solicited the help of an agent in another office, she continued to call Stewart about the property. Stewart again refused to help her. The second agent later informed Weaver of an outstanding contract on the property. This agent submitted a back-up contract on behalf of Weaver and Turner. Weaver was subsequently told the property had been purchased under the first contract. Contrary to appellees' assertions, the record tends to show that the purchasers under the first contract were Mary Kay and H. Don Stewart.

Thereafter, appellants brought suit against Mary K. Stewart, H. Don Stewart, and Fuller–Wallace Inc. Realtors, under the theories of constructive trust, tortious interference, and DTPA. Appellees moved for partial summary judgment and severance, expressly directing their motion "to the first of the three claims set out in paragraph 2 of the First Amended Petition: *To impress a constructive trust upon real property.*" Although appellees restricted their motion to the issue of constructive trust, the trial court order granted summary judgment "as to the *causes of action* alleged in the Plaintiffs' petition...." (Emphasis added). Appellants later filed a motion to modify the order granting summary judgment arguing that, while the motion for summary judgment requested summary judgment as to only one cause of action, the order purported to grant summary judgment as to all three. After a hearing on the matter, the trial court issued an order denying appellants' motion to modify the summary judgment order.

In their first point of error, appellants argue the trial court erred in granting summary judgment on all causes of action because the only issue addressed by the motion for summary judgment was the issue of constructive trust. Appellees argue that granting summary judgment on this issue operated to grant summary judgment on all three causes of action. We reject the contentions of appellees.

■ A trial court may not grant summary judgment on a cause of action unless that cause of action or issue has been expressly presented to the trial court. *City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988); *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex. 1983). Rule 166a(c) expressly requires that "[t]he motion for summary judgment shall state the specific grounds therefor." Tex. R.Civ.P. 166a(c). This rule is important because it provides the opposing party with notice of all matters expected to be assert-

ed in arguing the motion. *Cottrell v. Carrillon Assoc. Ltd.*, 646 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Appellees' motion for summary judgment and severance specifically stated that their motion was directed to the issue of constructive trust and their motion dealt exclusively with this subject. Likewise, appellants' response to this motion also dealt solely with the issue of constructive trust. Because the motion and the response to the motion fail to reference the other two claims, the trial court had authority to grant summary judgment only on the issue of constructive trust. Tex.R.Civ.P. 166a(c).

The trial court's order, entitled "ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND SEVERANCE," recites findings related to the constructive trust claim, but in the next paragraph purports to grant summary judgment "as to the causes of action alleged" in appellants' petition and orders that appellants take nothing from appellees. In the final paragraph, the trial court recites the following order:

> It is further ORDERED that the causes of action alleged by [appellants] against [appellees] be and the same are hereby severed, and that this matter proceed with respect to the remaining issues and causes of action alleged in the pleadings before this Court.

Thus, the trial court's order grants summary judgment as to all claims against appellees and orders a severance, which a trial court properly enters with a partial summary judgment to render it final and appealable. *See Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959). Fuller–Wallace Inc. Realtors did not move for summary judgment and is not a party to this appeal.

■ There is no presumption that a trial court, in rendering a partial summary judgment, intended to adjudicate all parties and issues. *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). Because appellees' motion sought summary judgment only as to the claim of constructive trust, the trial court erred to the extent it granted sum-

mary judgment as to appellants' other claims. We sustain point of error one.

■ Appellants also contend that the trial court erred in granting summary judgment because a material issue of fact exists regarding imposition of a constructive trust. The standard of review for summary judgments is well established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the grant of a summary judgment, we must accept as true appellants' version of the evidence and must make every reasonable inference in their favor. *Id.* at 549; *Sabine Pilot Serv. Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985). Likewise, this court must not consider evidence favoring the movant's position unless the evidence is uncontroverted. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

■ After reviewing the appellees' brief and the district court's order, we believe their collective view of what conduct may result in a constructive trust is too narrow. Courts have been careful not to limit the scope of application of such trusts. *Fitz–Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256, 261 (1951). The requisite confidential relationship may arise from moral, social, or purely personal relationships and the existence of a fiduciary relationship is to be determined from the actual relationship of the persons involved. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962). We are not prepared to hold that the relationship between Stewart and Weaver could not result in a constructive trust. Courts tend "to construe the term 'confidence' or 'confidential relationship' liberally in favor of the confider and against the confidant, for the purpose of raising a constructive trust on a violation or betrayal thereof." *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985, 988 (1948) (citing 54 Am.Jur. *Trusts* § 233). Moreover, "courts are careful not to limit" the application of constructive trust "by a narrow definition of fiduciary or confiden-

tial relationships...." *Fitz–Gerald*, 237 S.W.2d at 261 (citing 54 AM.JR. *Trusts* § 225).

The question of a confidential relationship requisite for the imposition of a constructive trust is one of fact for the jury to decide. *MacDonald v. Follett*, 142 Tex. 616, 180 S.W.2d 334, 337 (Tex.1944); *Tuck v. Miller*, 483 S.W.2d 898, 905 (Tex. Civ.App.—Austin 1972, writ ref'd n.r.e.). The questions and allegations in this case raise an issue of fact for which summary judgment is not proper. *See id.* at 904–905; *Fitz–Gerald*, 237 S.W.2d at 261–62. The trial court therefore erred in rendering summary judgment in favor of appellees. We sustain appellants' second point of error.

We reverse the judgment of the trial court and remand the cause for trial.

MURPHY, Justice, dissenting.

Because I believe the trial court properly granted summary judgment on the claim of constructive trust, I respectfully dissent.

As in their motion for summary judgment, appellees claim that a constructive trust is only available for breach of a fiduciary relationship and that this relationship must exist apart from and prior to the agreement made the basis of the suit. In support of this argument, appellees cite *Consolidated Gas & Equipment Company v. Thompson*, 405 S.W.2d 333 (Tex. 1966). Appellants contend, on the other hand, that the supreme court overruled *Consolidated* to the extent the court relaxed the requirements for establishing a confidential relationship. Appellants cite *Meadows v. Bierschwale*, 516 S.W.2d 125 (Tex.1974) in this regard. I disagree with appellants' interpretation of *Meadows*.

In *Consolidated*, the plaintiffs sought to impress a constructive trust upon an oil and gas lease to obtain their royalty interests under an alleged oral agreement. 405 S.W.2d at 334. The defendant argued that, if such an agreement existed, it was unenforceable under the Statute of Frauds and the Texas Trust Act. *Id.* The trial court entered judgment on the jury verdict imposing a constructive trust on the lease as

to plaintiffs' interest. *See Consolidated Gas & Equip. Co. v. Thompson*, 397 S.W.2d 260, 262 (Tex.Civ.App.—Amarillo 1965), *rev'd*, 405 S.W.2d 333 (Tex.1966). The court of appeals affirmed. 397 S.W.2d at 263.

The Texas Supreme court agreed that the Texas Trust Act does not apply to constructive trusts, but disagreed with the court of appeals' ruling that the evidence supported the imposition of a constructive trust. 405 S.W.2d at 336–37. The court noted that a constructive trust arises if the evidence establishes "a fiduciary relationship before, and apart from, the agreement made the basis of the suit." *Id.* at 336. A constructive trust does not arise where one person merely trusts another and relies upon his or her promise to carry out a contract. *Id.* Other than in the typical cases of fiduciary relationships, such as attorney-client, partners, close family relationships, and joint adventurers, a fiduciary relationship can arise if, over a long period of time, the parties have worked together in the joint acquisition and development of property before the agreement sought to be enforced. *Id.* at 336–37. Because the proof did not show such a relationship in *Consolidated*, the court reversed and rendered judgment that plaintiffs take nothing. *Id.* at 337.

*Meadows* involved a sale of real estate. 516 S.W.2d at 127. The seller transferred the property to the buyer in return for $40,000.00 cash plus twenty-four notes. *Id.* A real estate broker who represented the seller was to receive twelve notes as his sales commission. *Id.* at 127–28. When the notes proved worthless, the seller filed suit seeking to rescind the transaction and to impress a constructive trust on the property. *Id.* at 128. The broker intervened in this suit. *Id.* Both parties alleged misrepresentation regarding the notes. *Id.* The trial court entered judgment in favor of the seller and broker. *Id.*

On appeal, the buyer relied on *Consolidated* for the proposition that a constructive trust is only available for breach of a fiduciary relationship. *Id.* The supreme

court disagreed with this interpretation of *Consolidated,* noting that a constructive trust is available as a remedy for breach of a fiduciary relationship as well as for actual fraud. *Meadows* involved allegations of actual fraud and not breach of a fiduciary relationship. *Id.* The *Meadows* court did not overrule the holding in *Consolidated.* Rather, the court reaffirmed the *Consolidated* holding as viable and applicable to cases involving breach of a fiduciary relationship. The court found *Consolidated* inapplicable, however, to cases such as *Meadows* that involve claims of actual fraud.

Here, appellants have not charged appellees with actual fraud as was the case in *Meadows,* but allege breach of a confidential relationship. Thus, the holding in *Consolidated* is applicable, requiring appellants to establish the existence of a confidential relationship apart from, and prior to, the agreement made the basis of the lawsuit. *Rankin v. Naftalis,* 557 S.W.2d 940, 944 (Tex. 1977); *Consolidated,* 405 S.W.2d at 336. The pre-existing confidential relationship must involve a separate and independent relationship between the parties or a constructive trust will not be imposed. *Harris v. Sentry Title Co. Inc.,* 727 F.2d 1368, 1370 (5th Cir.), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2679, 81 L.Ed.2d 874 (1984).

There are no facts showing a preexisting confidential relationship between Weaver and Stewart. Thus, the trial court properly granted summary judgment on the constructive trust claim in favor of appellees. I would overrule appellants' second point.

I would affirm the judgment of the trial court to the extent it grants summary judgment on the claim of constructive trust. Except as to this claim, I agree with the decision of the majority to reverse the remainder of the judgment and remand the cause for trial.